## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## WACO DIVISION

ADAPTFLOW TECHNOLOGIES LLC,

                         Plaintiff,

        v.

ROKU, INC,

                  Defendant.

Case No.6:22-cv-00996-LY

Jury Trial Demanded

## PLAINTIFF ADAPTFLOW TECHNOLOGIES LLC'S ANSWER TO THE COUNTERCLAIMS OF DEFENDANT ROKU, INC.

Plaintiff AdaptFlow Technologies LLC ("AdaptFlow") submits this answer to the counterclaims of Defendant Roku, Inc. ("Defendant" or "Roku"). Unless specifically admitted below, AdaptFlow denies each and every allegation in Defendant's counterclaims:

1.     AdaptFlow has filed a complaint against Roku seeking a judgment for patent infringement. AdaptFlow alleges that Roku has infringed claims of U.S. Patent Nos. 7,120,034 (the '034 patent); 7,206,494 (the '494 patent); 7,340,528 (the '528 patent); 7,539,012 (the '012 patent); 8,447,162 (the '162 patent); 8,667,068 (the '068 patent); 9,838,757 (the '757 patent); and 10,015,064 (the '064 patent) (collectively, "the patents-in-suit").

**Answer:** Admitted.

1

## Parties

2.        Roku is a Delaware corporation with a principal place of business at 1155 Coleman Avenue, San Jose, California 95110.

**Answer:** Admitted.

3.        On information and belief, AdaptFlow is a limited liability company organized under the laws of the State of Texas with a place of business situated at 10412 China Spring Rd. Ste. F PMB 1033, Waco, TX 76708.

**Answer:** Admitted.

## Jurisdiction and Venue

4.        AdaptFlow has filed a complaint against Roku seeking a judgment for patent infringement. As a result of the filing of the AdaptFlow complaint, an immediate and justiciable case and controversy exists between Roku and AdaptFlow. Roku's counterclaims relate to AdaptFlow's allegations of patent infringement and arise under the patent laws of the United States, 35 U.S.C. § 1, *et seq*.

**Answer:** AdaptFlow admits that it has filed a complaint against Roku seeking a judgment for patent infringement. AdaptFlow admits that as a result of the filing of the AdaptFlow complaint, an immediate and justiciable case and controversy exists between Roku and AdaptFlow. AdaptFlow admits that Roku's Counterclaims relate to AdaptFlow's allegations of patent infringement. AdaptFlow admits that the Court generally has subject-matter jurisdiction over claims brought pursuant to 35 U.S. C. § 1, *et seq.*, but AdaptFlow denies that the Roku counterclaims set forth a valid or meritorious claim for relief. AdaptFlow denies the remaining allegations in paragraph 4.

5.        Subject matter jurisdiction over these counterclaims in this Court is proper under 28 U.S.C. §§ 1331 and 1338 and the Declaratory Judgment Act.

**Answer:** AdaptFlow admits that the Court generally has subject-matter jurisdiction over claims brought pursuant to 28 U.S.C. §§ 1331 and 1338 and the Declaratory Judgment Act, but AdaptFlow denies that the Roku counterclaims set forth a valid or meritorious claim for relief. AdaptFlow denies the remaining allegations in paragraph 5.

6.      This Court has personal jurisdiction over AdaptFlow, and venue is proper under 28 U.S.C. §§ 1391(b) and (c) because, among other things, AdaptFlow has submitted to the jurisdiction of this Court in this district by filing its complaint in this district against Roku.

**Answer:** Admitted.

## Counterclaim Count One
## (Declaration of Non-Infringement of the '034 patent)

7.      Roku repeats, re-alleges, and incorporates by reference the averments set forth in the foregoing paragraphs of its Answer and Counterclaims as if fully set forth herein.

**Answer:** AdaptFlow incorporates its responses to the preceding allegations as if fully set forth here.

8.      Roku does not infringe, directly, indirectly, literally, or under the doctrine of equivalents, any valid and enforceable claim of the '034 patent.

**Answer:** Denied.

9.      Roku is entitled to a declaratory judgment that it does not infringe, directly, indirectly, literally, or under the doctrine of equivalents, any claim of the '034 patent.

**Answer:** Denied.

## Counterclaim Count Two
### (Declaration of Invalidity of the '034 patent)

10.     Roku repeats, re-alleges, and incorporates by reference the averments set forth in the foregoing paragraphs of its Counterclaims as if fully set forth herein.

**Answer:** AdaptFlow incorporates its responses to the preceding allegations as if fully set forth here.

11.     The claims of the '034 patent are invalid for failure to comply with the requirements of the patent laws of the United States, including, without limitation, 35 U.S.C. §§ 101, 102, 103, and/or 112.

**Answer:** Denied.

12.     For example, asserted Claim 9 of the '034 patent is anticipated and/or rendered obvious by the prior art, including, for example, U.S. Pat. No. 6,507,101 and GB 2 302 995, in light of the knowledge of one of ordinary skill in the art at the time of the alleged invention.

**Answer:** Denied.

13.     As another example, asserted Claim 9 of the '034 patent is invalid under § 112 because it lacks written description, is not enabled, and/or is not sufficiently definite. For example, the scope of the claim terms "proximate" and "minimized apertures" is not reasonably certain to one of ordinary skill in the art.

**Answer:** Denied.

14.     Roku is entitled to a declaration that the claims of the '034 patent are invalid.

**Answer:** Denied.

**Counterclaim Count Three**
**(Declaration of Non-Infringement of the '494 patent)**

15. Roku repeats, re-alleges, and incorporates by reference the averments set forth in the foregoing paragraphs of its Answer and Counterclaims as if fully set forth herein.

**Answer:** AdaptFlow incorporates its responses to the preceding allegations as if fully set forth here.

16. Roku does not infringe, directly, indirectly, literally, or under the doctrine of equivalents, any valid and enforceable claim of the '494 patent.

**Answer:** Denied.

17. Roku is entitled to a declaratory judgment that it does not infringe, directly, indirectly, literally, or under the doctrine of equivalents, any claim of the '494 patent.

**Answer:** Denied.

**Counterclaim Count Four**
**(Declaration of Invalidity of the '494 patent)**

18. Roku repeats, re-alleges, and incorporates by reference the averments set forth in the foregoing paragraphs of its Counterclaims as if fully set forth herein.

**Answer:** AdaptFlow incorporates its responses to the preceding allegations as if fully set forth here.

19. The claims of the '494 patent are invalid for failure to comply with the requirements of the patent laws of the United States, including, without limitation, 35 U.S.C. §§ 101, 102, 103, and/or 112.

**Answer:** Denied.

20.     For example, asserted Claim 1 of the '494 patent recites patent-ineligible subject matter in violation of § 101 because it is directed to the abstract idea of data inspection using conventional technology.

**Answer:** Denied.

21.     As another example, asserted Claim 1 of the '494 patent is anticipated and/or rendered obvious by the prior art, including, for example, U.S. Pat. No. 5,812,732 and T. McGee, "Parsing TV programs for identification and removal of nonstory segments," Proc. SPIE 3656, Storage and Retrieval for Image and Video Databases VII, (17 December 1998), in light of the knowledge of one of ordinary skill in the art at the time of the alleged invention.

**Answer:** Denied.

22.     As another example, asserted Claim 1 of the '494 patent is invalid under § 112 because it lacks written description, is not enabled, and/or is not sufficiently definite. For example, the specification of the '494 patent does not reasonably convey to one of ordinary skill in the art that the alleged inventors of the '494 patent had possession of the claimed step of "comparing a timing of said commercial event notification indicating the occurrence of a commercial message, to commercial message insertion data contained in said splice table; and verifying the presence of a commercial message based on said comparing step."

**Answer:** Denied.

23.     Roku is entitled to a declaration that the claims of the '494 patent are invalid.

**Answer:** Denied.

## Counterclaim Count Five
## (Declaration of Non-Infringement of the '528 patent)

24.     Roku repeats, re-alleges, and incorporates by reference the averments set forth in the foregoing paragraphs of its Answer and Counterclaims as if fully set forth herein.

**Answer:** AdaptFlow incorporates its responses to the preceding allegations as if fully set forth here.

25. Roku does not infringe, directly, indirectly, literally, or under the doctrine of equivalents, any valid and enforceable claim of the '528 patent.

**Answer:** Denied.

26. Roku is entitled to a declaratory judgment that it does not infringe, directly, indirectly, literally, or under the doctrine of equivalents, any claim of the '528 patent.

**Answer:** Denied.

### Counterclaim Count Six
### (Declaration of Invalidity of the '528 patent)

27. Roku repeats, re-alleges, and incorporates by reference the averments set forth in the foregoing paragraphs of its Counterclaims as if fully set forth herein.

**Answer:** AdaptFlow incorporates its responses to the preceding allegations as if fully set forth here.

28. The claims of the '528 patent are invalid for failure to comply with the requirements of the patent laws of the United States, including, without limitation, 35 U.S.C. §§ 101, 102, 103, and/or 112.

**Answer:** Denied.

29. For example, asserted Claim 1 of the '528 patent recites patent-ineligible subject matter in violation of § 101 because it is directed to the abstract idea of collecting, storing, and recognizing data.

**Answer:** Denied.

30. As another example, asserted Claim 1 of the '528 patent is anticipated and/or rendered obvious by the prior art, including, for example, U.S. Pat. No. 6,952,520 and U.S. Pat. App. Pub. No. 2001/0005434, in light of the knowledge of one of ordinary skill in the art at the time of the alleged invention.

**Answer:** Denied.

31.     As another example, asserted Claim 1 of the '528 patent is invalid under §
        112 because it lacks written description, is not enabled, and/or is not
        sufficiently definite. For example, the specification of the '528 patent does
        not reasonably convey to one of ordinary skill in the art that the alleged
        inventors of the '528 patent had possession of the claimed step of "using
        the reference to determine the presentation configuration for the content
        element."

**Answer:** Denied.

32.     Roku is entitled to a declaration that the claims of the '528 patent are
        invalid.

**Answer:** Denied.

### Counterclaim Count Seven
### (Declaration of Non-Infringement of the '012 patent)

33.     Roku repeats, re-alleges, and incorporates by reference the averments set
        forth in the foregoing paragraphs of its Answer and Counterclaims as if
        fully set forth herein.

**Answer:** AdaptFlow incorporates its responses to the preceding allegations as if fully

set forth here.

34.     Roku does not infringe, directly, indirectly, literally, or under the doctrine
        of equivalents, any valid and enforceable claim of the '012 patent.

**Answer:** Denied.

35.     Roku is entitled to a declaratory judgment that it does not infringe,
        directly, indirectly, literally, or under the doctrine of equivalents, any
        claim of the '012 patent.

**Answer:** Denied.

## Counterclaim Count Eight
### (Declaration of Invalidity of the '012 patent)

36.    Roku repeats, re-alleges, and incorporates by reference the averments set forth in the foregoing paragraphs of its Counterclaims as if fully set forth herein.

**Answer:** AdaptFlow incorporates its responses to the preceding allegations as if fully set forth here.

37.    The claims of the '012 patent are invalid for failure to comply with the requirements of the patent laws of the United States, including, without limitation, 35 U.S.C. §§ 101, 102, 103, and/or 112.

**Answer:** Denied.

38.    For example, asserted Claim 1 of the '012 patent is anticipated and/or rendered obvious by the prior art, including, for example, U.S. Pat. No. 6,389,817 and PCT Pub. No. WO 01/19153, in light of the knowledge of one of ordinary skill in the art at the time of the alleged invention.

**Answer:** Denied.

39.    As another example, asserted Claim 1 of the '012 patent is invalid under § 112 because it lacks written description, is not enabled, and/or is not sufficiently definite. For example, the scope of the claim phrase "a plastic thermal non-conducting housing definitively bound to the electronic read-write device, so that opening of the housing destroy said housing, the housing sides being assembled in a permanent fashion" is not reasonably certain to one of ordinary skill in the art.

**Answer:** Denied.

40.    Roku is entitled to a declaration that the claims of the '012 patent are invalid.

**Answer:** Denied.

**Counterclaim Count Nine**
**(Declaration of Non-Infringement of the '162 patent)**

41.     Roku repeats, re-alleges, and incorporates by reference the averments set forth in the foregoing paragraphs of its Answer and Counterclaims as if fully set forth herein.

**Answer:** AdaptFlow incorporates its responses to the preceding allegations as if fully set forth here.

42.     Roku does not infringe, directly, indirectly, literally, or under the doctrine of equivalents, any valid and enforceable claim of the '162 patent

**Answer:** Denied.

43.     Roku is entitled to a declaratory judgment that it does not infringe, directly, indirectly, literally, or under the doctrine of equivalents, any claim of the '162 patent.

**Answer:** Denied.

**Counterclaim Count Ten**
**(Declaration of Invalidity of the '162 patent)**

44.     Roku repeats, re-alleges, and incorporates by reference the averments set forth in the foregoing paragraphs of its Counterclaims as if fully set forth herein.

**Answer:** AdaptFlow incorporates its responses to the preceding allegations as if fully set forth here.

45.     The claims of the '162 patent are invalid for failure to comply with the requirements of the patent laws of the United States, including, without limitation, 35 U.S.C. §§ 101, 102, 103, and/or 112.

**Answer:** Denied.

46.     For example, asserted Claim 6 of the '162 patent recites patent-ineligible subject matter in violation of § 101 because it is directed to the abstract idea of saving and recalling information.

**Answer:** Denied.

47.     As another example, asserted Claim 6 of the '162 patent is anticipated and/or rendered obvious by the prior art, including, for example, U.S. Pat. Nos. 6,851,621 and 7,222,800, in light of the knowledge of one of ordinary skill in the art at the time of the alleged invention.

**Answer:** Denied.

48.     As another example, asserted Claim 6 of the '162 patent is invalid under § 112 because it lacks written description, is not enabled, and/or is not sufficiently definite. For example, the scope of the claim term "receiving setting changes to the second set of settings from a user" is not reasonably certain to one of ordinary skill in the art.

**Answer:** Denied.

49.     Roku is entitled to a declaration that the claims of the '162 patent are invalid.

**Answer:** Denied.

**Counterclaim Count Eleven**<br>**(Declaration of Non-Infringement of the '068 patent)**

50.     Roku repeats, re-alleges, and incorporates by reference the averments set forth in the foregoing paragraphs of its Answer and Counterclaims as if fully set forth herein.

**Answer:** AdaptFlow incorporates its responses to the preceding allegations as if fully set forth here.

51.     Roku does not infringe, directly, indirectly, literally, or under the doctrine of equivalents, any valid and enforceable claim of the '068 patent.

**Answer:** Denied.

11

52.     Roku is entitled to a declaratory judgment that it does not infringe, directly, indirectly, literally, or under the doctrine of equivalents, any claim of the '068 patent.

**Answer:** Denied.

## Counterclaim Count Twelve
## (Declaration of Invalidity of the '068 patent)

53.     Roku repeats, re-alleges, and incorporates by reference the averments set forth in the foregoing paragraphs of its Counterclaims as if fully set forth herein.

**Answer:** AdaptFlow incorporates its responses to the preceding allegations as if fully set forth here.

54.     The claims of the '068 patent are invalid for failure to comply with the requirements of the patent laws of the United States, including, without limitation, 35 U.S.C. §§ 101, 102, 103, and/or 112.

**Answer:** Denied.

55.     For example, asserted Claim 1 of the '068 patent recites patent-ineligible subject matter in violation of § 101 because it is directed to the abstract idea of delivering supplemental information.

**Answer:** Denied.

56.     As another example, asserted Claim 1 of the '068 patent is anticipated and/or rendered obvious by the prior art, including, for example, U.S. Pat. App. Pub. No. 2001/0001160 and A. Janevski, "Enhanced Video Viewing from Metadata," SPIE 4518, Multimedia Systems and Applications IV (Nov. 12, 2001), in light of the knowledge of one of ordinary skill in the art at the time of the alleged invention.

**Answer:** Denied.

57.     As another example, asserted Claim 1 of the '068 patent is invalid under § 112 because it lacks written description, is not enabled, and/or is not sufficiently definite. For example, the specification of the '068 patent does not reasonably convey to one of ordinary skill in the art that the alleged

inventors of the '068 patent had possession of the claimed step of "separating said first content from said second content based on the instruction file."

**Answer:** Denied.

58.    Roku is entitled to a declaration that the claims of the '068 patent are invalid.

**Answer:** Denied.

## Counterclaim Count Thirteen
### (Declaration of Non-Infringement of the '757 patent)

59.    Roku repeats, re-alleges, and incorporates by reference the averments set forth in the foregoing paragraphs of its Answer and Counterclaims as if fully set forth herein.

**Answer:** AdaptFlow incorporates its responses to the preceding allegations as if fully

set forth here.

60.    Roku does not infringe, directly, indirectly, literally, or under the doctrine of equivalents, any valid and enforceable claim of the '757 patent.

**Answer:** Denied.

61.    Roku is entitled to a declaratory judgment that it does not infringe, directly, indirectly, literally, or under the doctrine of equivalents, any claim of the '757 patent.

**Answer:** Denied.

## Counterclaim Count Fourteen
### (Declaration of Invalidity of the '757 patent)

62.    Roku repeats, re-alleges, and incorporates by reference the averments set forth in the foregoing paragraphs of its Counterclaims as if fully set forth herein.

**Answer:** AdaptFlow incorporates its responses to the preceding allegations as if fully set forth here.

63. The claims of the '757 patent are invalid for failure to comply with the requirements of the patent laws of the United States, including, without limitation, 35 U.S.C. §§ 101, 102, 103, and/or 112.

**Answer:** Denied.

64. For example, asserted Claim 1 of the '757 patent recites patent-ineligible subject matter in violation of § 101 because it is directed to the abstract idea of data categorization.

**Answer:** Denied.

65. As another example, asserted Claim 1 of the '757 patent is anticipated and/or rendered obvious by the prior art, including, for example, U.S. Pat. App. Pub. Nos. 2004/0125124 and 2003/0034996, in light of the knowledge of one of ordinary skill in the art at the time of the alleged invention.

**Answer:** Denied.

66. As another example, asserted Claim 1 of the '757 patent is invalid under § 112 because it lacks written description, is not enabled, and/or is not sufficiently definite. For example, the specification of the '757 patent does not reasonably convey to one of ordinary skill in the art that the alleged inventors of the '757 patent had possession of the claimed step of "splitting said structure into chunks in a hierarchical manner."

**Answer:** Denied.

67. Roku is entitled to a declaration that the claims of the '757 patent are invalid.

**Answer:** Denied.

**Counterclaim Count Fifteen**
**(Declaration of Non-Infringement of the '064 patent)**

68.     Roku repeats, re-alleges, and incorporates by reference the averments set
        forth in the foregoing paragraphs of its Answer and Counterclaims as if
        fully set forth herein.

**Answer:** AdaptFlow incorporates its responses to the preceding allegations as if fully

set forth here.

69.     Roku does not infringe, directly, indirectly, literally, or under the doctrine
        of equivalents, any valid and enforceable claim of the '064 patent.

**Answer:** Denied.

70.     Roku is entitled to a declaratory judgment that it does not infringe,
        directly, indirectly, literally, or under the doctrine of equivalents, any
        claim of the '064 patent.

**Answer:** Denied.

**Counterclaim Count Sixteen**
**(Declaration of Invalidity of the '064 patent)**

71.     Roku repeats, re-alleges, and incorporates by reference the averments set
        forth in the foregoing paragraphs of its Counterclaims as if fully set forth
        herein.

**Answer:** AdaptFlow incorporates its responses to the preceding allegations as if fully

set forth here.

72.     The claims of the '064 patent are invalid for failure to comply with the
        requirements of the patent laws of the United States, including, without
        limitation, 35 U.S.C. §§ 101, 102, 103, and/or 112.

**Answer:** Denied.

73.     For example, asserted Claim 1 of the '064 patent recites patent-ineligible subject matter in violation of § 101 because it is directed to the abstract idea of generating recommendations.

**Answer:** Denied.

74.     As another example, asserted Claim 1 of the '064 patent is anticipated and/or rendered obvious by the prior art, including, for example, U.S. Pat. No. 8,160,980 and PCT Pub. No. WO 01/22310, in light of the knowledge of one of ordinary skill in the art at the time of the alleged invention.

**Answer:** Denied.

75.     As another example, asserted Claim 1 of the '064 patent is invalid under § 112 because it lacks written description, is not enabled, and/or is not sufficiently definite. For example, the scope of the claim term "pre-fetching the more-frequently-accessed contents according to their control data and collected time-stamped data" is not reasonably certain to one of ordinary skill in the art.

**Answer:** Denied.

76.     Roku is entitled to a declaration that the claims of the '064 patent are invalid.

**Answer:** Denied.

## Roku's Demand for a Jury Trial

AdaptFlow admits that Roku's Counterclaims includes a request for a jury trial.

## Prayer for Relief

AdaptFlow denies that Roku is entitled to any of the relief requested pursuant to the counterclaims, or any other relief. AdaptFlow denies each and every allegation in Roku's prayer for relief.

## General Denial

Any allegations in the counterclaims not admitted, denied, or explained, are denied by AdaptFlow. AdaptFlow specifically denies that Roku is entitled to any relief whatsoever. The headings herein track those used in the counterclaims and are for convenience only. They do not constitute any part of AdaptFlow's answer to the counterclaims or any admission by AdaptFlow as to the truth of the matters asserted. To the extent the headings of the counterclaims are construed as allegations, they are each denied.

Dated: December 13, 2022                    Respectfully submitted,

*/s/ Raymond W. Mort, III*
Raymond W. Mort, III
Texas State Bar No. 00791308
raymort@austinlaw.com

**THE MORT LAW FIRM, PLLC**
501 Congress Avenue, Suite 150
Austin, Texas 78701
Tel/Fax: 512-865-7950

*Of Counsel:*
Ronald M. Daignault (*pro hac vice* to be filed)*
Chandran B. Iyer (*pro hac vice* to be filed)
Oded Burger* (admitted *pro hac vice*)
rdaignault@daignaultiyer.com
cbiyer@daignualtiyer.com
oburger@ daignaultiyer.com
Daignault Iyer LLP
8618 Westwood Center Drive
Suite 150
Vienna, VA 22182
Attorneys for *AdaptFlow Technologies LLC*

*  Not admitted to practice in Virginia